**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO:**

JORDAN CARR and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

v.

ZEPHYRHILLS DONUTS LLC
a Florida Limited Liability Company, and
MANOJ K. PRASAD, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JORDAN CARR ("Plaintiff") pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, ZEPHYRHILLS DONUTS LLC., ("ZDL"), and MANOJ K. PRASAD ("PRASAD"), individually (collectively referred to as "Defendants"), on behalf of herself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of minimum wage and overtime compensation during the course of their employment. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Pasco County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, ZDL, was a Florida limited liability company located and transacting business within Zephyrhills, Florida, within the jurisdiction of this Honorable Court. ZDL is headquartered and operates its principal location at 36643 State Road 54 Zephyrhills, FL 33541.

4. Defendant, ZDL, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, upon information and belief, Defendant, PRASAD, was a resident of the Middle District of Florida, and was the managing member, and Registered Agent of the Defendant ZDL company within Zephyrhills, Florida.

6. During all times material hereto, Defendant, PRASAD, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, ZDL, during the relevant time period.

7. Defendant, PRASAD, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations.

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Zephyrhills Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, ZDL, is headquartered and regularly transacts business in Pasco County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, ZDL, operates several Dunkin Donuts franchise restaurants in the State of Florida.

12. Defendant, ZDL, sells donuts, pastries, coffee and other delicious foods and items to its customers, and this particular location has done so since at least 2016.

13. Defendant, ZDL employs individuals such as Plaintiff to perform provide the day-to-day labor and operations of ZDL's Dunkin Donuts shop.

14. Plaintiff worked for Defendants as a non-exempt, hourly cashier, shift leader, and food and beverage preparation employee.

15. During all times material hereto, upon information and belief, Defendant, PRASD, was the managing member of ZDL, and created and implemented Defendants' payroll practices as they related to Plaintiff.

## PLAINTIFF'S WORK FOR DEFENDANTS

16. In July 2017, Plaintiff began working for Defendants, ZDL and PRASAD, as a cashier, shift leader, and food and beverage preparation employee, and continued to do so until about October 1, 2019.

17. Plaintiff's hourly rate was between $8.25 and $9.00 dollars per hour during her employment with Defendants.

18. During Plaintiff's employment with ZDL and PRASD, Defendants required her to work approximately forty-five (45) hours per week, for two (2) weeks per month.

19. When Defendants required Plaintiff to work more than forty-five (45) hours per week, Defendants required Plaintiff to work off-the-clock for all hours over forty (40).

20. Defendants manually deleted hours that Plaintiff recorded in Defendants' time-keeping mechanisms, thereby depriving her of overtime for at least two (2) weeks per month, when she was required for work forty-five (45) hours per week.

21. During all periods of Plaintiff's employment with Defendants, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half, as required by the FLSA, for all hours worked in excess of forty (40) during the relevant time period.

22. Defendants were expressly aware of the overtime work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving the proper overtime rate for any hours worked during the relevant period of her employment.

23. Defendants refused to pay Plaintiff proper overtime compensation at the federally mandated rate of time-and-one-half for all hours she worked exceeding forty (40) hours per week.

24. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**FLSA COVERAGE**

25. Defendant, ZDL, is covered under the FLSA through enterprise coverage, as ZDL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, ZDL'S business and Plaintiff's work for ZDL affected interstate

commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, ZDL, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

26. During her employment with Defendant, ZDL, Plaintiff, and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: coffee beans, tea, soda, donuts, muffins, napkins, straws, Styrofoam coffee cups, paper coffee cups, donut containers, bagels, mops, brooms, bleach, cleaning supplies, cream cheese, milk, artificial sweetener, butter, sugar packets, and other various baking supplies etc.

27. Defendant, ZDL, regularly employed two (2) or more employees during the relevant time period, and these employees handled goods and materials similar to those goods and materials handled by Plaintiff, thus making Defendant, ZDL'S business an enterprise covered by the FLSA.

28. Upon information and belief, Defendant, ZDL, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, and 2018, and is expected to gross in excess of $500,000.00 in 2019.

29. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, ZDL, and PRASAD, within the meaning of the FLSA.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Against All Defendants)**

30. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29, as though set forth fully herein.

31. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

32. During the time period relevant to this lawsuit, Plaintiff worked around forty-five (45) hours for two weeks out of every month of her employment for which she was not properly compensated.

33. Plaintiff is entitled to recover statutorily prescribed federal overtime wages at a rate of time and one half her regular hourly rate for all hours worked in excess of forty (40) per week.

34. Plaintiff therefore claims time and one half her regular hourly rate for each hour worked in excess of forty (40) per week.

35. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA.

36. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

37. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages

38. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JORDAN CARR, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, ZEPHYRHILLS DONUTS LLC, and MANOJ K. PRASAD, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, ZEPHYRFILLS DONUTS LLC, and MANOJ K. PRASAD,

jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JORDAN CARR, requests and demands a trial by jury on all appropriate claims.

Dated this 27th day of November 2019.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Jordan Carr*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com
Stephanie@jordanrichardspllc.com
Mike@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 27, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**